# I. EQUAL EMPLOYMENT OPPORTUNITY PROGRAM

## I.1 EQUAL EMPLOYMENT OPPORTUNITY POLICY STATEMENT FROM DISTRICT ATTORNEY CYRUS R. VANCE, JR.

I, Cyrus R. Vance, Jr., District Attorney for the County of New York, reaffirm that it is the stated policy of this office to comply with City, State and Federal anti-discrimination laws as they relate to employment in this office, consistent with the concept of merit in employment.

I further affirm that this policy statement and the policies and procedures contained in the DANY Equal Employment Opportunity Program Handbook reflect this office's intention to:

1. Ensure that all aspects of employment policies and practices, including but not limited to, selection criteria, recruitment, hiring, promotion, compensation, performance evaluations, transfers, disciplinary procedures, separations, agency sponsored benefits, training, and social and recreational programs, are administered without regard to race, creed, color, religion, gender, sexual orientation, age, national origin, military status, disability, predisposing genetic characteristics, marital status, partnership status, alienage or citizenship status, status as a victim of domestic violence, status as a victim of a sex offense or stalking, or the existence of children who are or may be residing with a person. The term "gender" includes actual or perceived sex and a person's gender identity, self-image, appearance, behavior or expression, whether or not that gender identity, self-image, appearance,

*New York County District Atto[rney]*

*Equal Opportunity Employment Program*

behavior or expression is different from that traditionally associated with the legal sex assigned to that person at birth.

2. Ensure that all aspects of employment policies and practices, including but not limited to, selection criteria, recruitment, hiring, promotion, compensation, performance evaluations, transfers, disciplinary procedures, separations, agency sponsored benefits, training, social and recreational programs, are administered without regard to arrest record, unless the arrest record indicates prior conduct that demonstrates that the applicant would be unqualified for the position in question.

3. Ensure that this office is in compliance with the provisions of the Americans with Disabilities Act of 1990.

4. Provide equal employment opportunity, as set forth above, to those who are qualified disabled veterans and/or veterans of the Vietnam Era, pursuant to the Vietnam Era Veterans Readjustment Act of 1974.

I have appointed Frederick J. Watts, Executive Assistant District Attorney, to be this office's EEO Officer. ADA Watts has overall responsibility for the development and monitoring of the Equal Employment Opportunity Program, and will be working with agency managerial and supervisory personnel on the program. He will be reporting to me on progress and problems in providing equal employment opportunity.

I have also appointed the following EEO Coordinators: Katie Doran, Audrey Moore, Estelle Strykers-Santiago and Jose Rivera. They will assist the EEO Officer in all aspects of the EEO Program and serve as the primary recipients of any EEO complaints from employees of this office.

I have directed that the Equal Employment Opportunity Program Manual be regularly distributed to all office employees. The manual describes this office's EEO Internal Complaint Procedure which should be used by anyone who feels that he or she is a victim of any form of discriminatory behavior in the workplace. Additional copies of the manual can be obtained from the EEO Officer, any EEO Coordinator, or the Human Resources Office.

I wish to emphasize that no employee may retaliate against or harass any person filing a complaint or cooperating in the investigation of a complaint. Such retaliation or harassment is unlawful and will be cause for disciplinary action.

If you have any questions relating to our EEO Program, or if you are concerned that any activity in this office relates to discrimination in the workplace, I encourage you to contact the EEO Officer or any of the EEO Coordinators. Please be assured that all inquiries will be handled discreetly and professionally.

Our Equal Employment Opportunity Program, and its goal of achieving and maintaining equal employment opportunity for all persons, is of the highest priority for this office and the City, and benefits from the full and positive support of the management of this office.

*Cyrus R. Vance, Jr.*
September, 2013

*Equal Opportunity Employment Program*  *New York County District Attorney*

## I.2 THE RESPONSIBILITIES FOR IMPLEMENTING THE EEO PROGRAM

A. **The Equal Employment Opportunity Officer, along with the EEO Coordinators, is responsible for:**

1. Implementing and monitoring the Equal Employment Opportunity Program.
2. Communicating the details of the EEO Program both internally and externally.
3. Identifying problem areas.
4. Assisting managers and supervisors in solving EEO problems as they arise.
5. Implementing auditing and reporting systems that will both measure the effectiveness of the program and indicate any possible need for remedial action.
6. Serving as liaisons between this office, the Department of Personnel, the City Commission on Human Rights, and organizations and community action groups concerned with employment opportunities for covered groups.
7. Conducting audits of hiring and promotional patterns to assist in ensuring that the goals of the EEO Program are met.
8. Holding regular discussions with managers, supervisors, and employees to ensure that this office's EEO policies are being followed.
9. Assisting the District Attorney in assuming the EEO responsibilities that are required by the City Charter.
10. Assisting employees in requesting reasonable accommodations, and assisting managers and supervisors in providing reasonable accommodations.

B. **The EEO Officer and Coordinators will keep managers and supervisors informed of the latest developments in the Equal Employment areas so that they may:**

1. Assist in the identification of problem areas.
2. Assist in the attainment of EEO Program goals.
3. Review their personnel practices in light of the EEO Program.
4. Discuss the EEO policies and procedures with all supervisors and staff.
5. Review opportunities for upgrading groups of employees who may be underrepresented in higher titles or positions.
6. Assist their staff in preparing for promotional opportunities.
7. Make certain that the EEO policy statement is prominently displayed in their work area.
8. Encourage their staff to attend various training and vocational programs.
9. Advise staff that harassment of any employee who becomes involved in the EEO Internal Complaint Procedures is prohibited.

C. **Managers and Supervisors are responsible for following the Equal Employment Opportunity Policy by making certain that:**

1. All employees reporting to them are treated alike.
2. All employees supervised by them are advised of the opportunities and requirements for advancement.
3. All employees are assessed and evaluated by uniform criteria and advanced without discrimination.

4. Employees and applicants are provided with reasonable accommodations as needed.

D. **The EEO Officer and the EEO Coordinators are responsible for the office's Internal Complaint Procedures. They are required to:**

1. Receive any EEO Complaint that is made by a member of this office.

2. Be familiar with anti-discrimination laws, recent court decisions, and internal procedures, so as to be able to make a clear distinction between discriminatory activities and issues such as labor relations.

3. Explain the internal complaint process to any employee having a complaint.

4. Inform any employee having a complaint of their right to file a complaint outside of the office.

5. Inform any employee having a complaint that their right to file a complaint outside of the office is not forfeited if the internal complaint is not resolved to the employee's satisfaction.

6. Report directly to the EEO Officer or to the District Attorney and to make recommendations as to the resolution of any problems that may arise.

7. Prepare confidential reports on the nature of any such complaints and have these reports forwarded to the District Attorney.

## 1.3 THE INTERNAL COMPLAINT PROCEDURES

In order to ensure that every employee has the right to voice his or her concern regarding the employment practices of this office and to remedy possible discriminatory activity that has affected them directly, the office has developed these Equal Employment Opportunity Internal Complaint Procedures. Every effort will be made in order to ensure the confidentiality of these proceedings as well as any records of the proceedings that may be produced.

### A. Filing of EEO Complaints:

1. Any employee of the New York County District Attorney's Office who believes that he or she may have been discriminated against because of race, creed, color, religion, gender (including actual or perceived sex and gender identity, self-image, appearance, behavior or expression, whether or not that gender identity, self-image, appearance, behavior or expression is different from that traditionally associated with the legal sex assigned to a person at birth), sexual orientation, age, national origin, military status, disability, predisposing genetic characteristics, marital status, partnership status, alienage or citizenship status, arrest record, status as a victim of domestic violence, status as a victim of a sex offense or stalking, or the existence of children who are or may be residing with a person, in regard to the terms and conditions of employment, including but not limited to selection criteria, recruitment, hiring, promotion, compensation, performance evaluations, transfers, benefits, training, or social and recreational programs, disciplinary procedures, separations, agency sponsored may file an internal complaint.

*Equal Opportunity Employment Program*                                    *New York County District Atto*

2. Complaints may be made in person or in writing to an EEO Coordinator or to the EEO Officer.

3. An EEO Coordinator will prepare, with the complainant, a written report detailing the specific allegations of the alleged discriminatory practice(s). A copy of this confidential report will be sent to the EEO Officer.

4. An initial conference will be held, within five (5) days after the preparation of the complaint report, between the complainant and the EEO Coordinator. This conference will determine if the matter can be resolved without further administrative action. Documents such as personnel files, memoranda, letters, and performance evaluation reports are not required to be provided for this initial conference since its intent is not to determine the merit of the case but merely to determine if a resolution is possible without further procedures.

5. In the event an initial attempt at a resolution fails, an inquiry shall be immediately commenced by the EEO Officer. The EEO Officer has sixty (60) business days to complete this inquiry, prepare and submit a report of the findings to the complainant, and prepare a detailed report of the findings with recommendations for correcting or remedying any substantiated acts of discrimination. This time period may be extended at the discretion of the EEO Officer, for good cause. Upon completion of the report, the EEO Officer will request a subsequent conference between the most directly concerned parties to discuss the report and to determine if a resolution is possible without further proceedings. Any member of the New York County District Attorney's Office who may have relevant information will be directed to cooperate with the inquiry.

6. If discriminatory conduct is found, action appropriate to the severity of the unlawful conduct will be taken against those found to have practiced such conduct. Such action may include, but is not limited to: a) a warning; b) transfer to another unit; c) a formal disciplinary hearing; d) suspension; e) probation; f) demotion; and g) termination.

7. If it is found that there is no reasonable cause to believe discriminatory conduct exists or has existed, the case will be dismissed and closed. The complainant will be informed in writing of the disposition of the case and advised of their right to retain an attorney privately or file a complaint with the appropriate agencies listed below.

**B. Prohibition on Retaliation:**

It is unlawful to retaliate against or harass any person for filing an EEO complaint or for his or her cooperation in the investigation of an EEO complaint. Any employee who engages in such retaliation or harassment shall be disciplined.

**C. External Resources:**

You are advised that, regardless of whether you make an internal complaint, you may, at any time during or subsequent to the conclusion of these internal proceedings, retain an attorney privately or file a complaint with the agencies listed below:

New York City Commission on Human Rights
40 Rector Street
New York, NY 10006
Telephone Number: (212) 306-7500
www.nyc.gov/cchr

## I.4 How the Goals and Procedures of the EEO Program Will Be Communicated

In order to ensure that management, supervisors, employees and applicants for employment are informed that this office is an Equal Opportunity Employer, and that all are aware of its official policy on equal employment opportunity, the following steps will be taken:

### A. Internal Communication:

1. Management and supervisors will be informed that the office must comply with city, state, and federal Equal Opportunity laws.

2. Supervisors will be instructed to explain this office's Equal Employment Opportunity policy to their staff.

3. The District Attorney's Equal Employment Opportunity Policy Statement will be posted on employee bulletin boards where it is available to all personnel.

4. The District Attorney's Equal Employment Opportunity Policy Statement and the EEO Program Manual will be given to all employees.

5. At orientation sessions, all new employees will receive copies of the District Attorney's Equal Employment Opportunity Policy Statement and the EEO Program Manual.

6. The District Attorney's Equal Employment Opportunity Policy Statement and the EEO Program Manual will be available as an electronic document on the office's internal network.

7. Training on the prevention of harassment and discrimination will be mandatory for all staff.

Equal Opportunity Employment Program

New York State Division of Human Rights
One Fordham Plaza, 4th Floor
Bronx, NY 10458
Telephone Number: (718) 741-8400
www.dhr.state.ny.us

Equal Employment Opportunity Commission
(Federal Agency)
33 Whitehall Street, 5th Floor
New York, NY 10004
Telephone Number: (212) 336-3620
www.eeoc.gov

*Equal Opportunity Employment Program*

### B. External Communication:

1. The EEO Officer or his designee will ensure that external recruiters will inform applicants that the New York County District Attorney's Office is an Equal Opportunity Employer.

2. When the office advertises for prospective employees, each advertisement will state that the New York County District Attorney's Office is an Equal Employment Opportunity Employer.

## II. POLICY STATEMENT ON PREVENTING SEXUAL HARASSMENT IN THE WORKPLACE

It has been the long established policy of the New York County District Attorney's Office to ensure equal opportunity and prevent discrimination in all aspects of employment, and we are determined to comply with the City, State and Federal anti-discrimination laws as they relate to this office.

In November 1980, the United States Equal Employment Opportunity Commission published its "Guidelines on Discrimination because of Sex under Title VII of the Civil Rights Act of 1964," in which sexual harassment is identified as an unlawful employment practice. In these guidelines, sexual harassment is defined as follows:

> Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

This office has zero tolerance for this type of employment discrimination, and we are determined to be in complete compliance with this section of the Civil Rights Act.

I have directed Frederick J. Watts, the Executive Assistant District Attorney and EEO Officer, to take appropriate action to ensure that these guidelines are scrupulously followed. Any employee of this office who feels that he or she is the victim of sexual harassment in the workplace is encouraged to contact ADA Watts or any of the EEO Coordinators listed in our Equa

*Policy Statement on Preventing Sexual Harassment in the Workplace*

Employment Opportunity Program Manual. Your complaint will receive the same attention and due process given to any EEO complaint under our internal complaint procedures. No employee may retaliate against any person for filing a complaint or cooperating in the investigation of a complaint. Such retaliation is unlawful and will be cause for disciplinary action.

I want to reaffirm that this office shall continue to adhere to the letter and the spirit of all anti-discrimination laws, including these guidelines regarding discrimination in the form of sexual harassment.

*[signature: Cyrus R. Vance]*

Cyrus R. Vance, Jr.
September, 2013

## III. REASONABLE ACCOMMODATION POLICY AND PROCEDURE

The District Attorney's Office of New York County (DANY) will make reasonable accommodations to qualified applicants and employees with disabilities to enable them to perform the essential functions of their jobs or to enjoy the equal benefits and privileges of employment, unless providing such accommodation would impose an undue hardship on the office.

The reasonable accommodation policy and procedure is outlined below. The procedure should be collaborative, open, and flexible. Some requests for reasonable accommodation may be granted and implemented immediately following their receipt, without formal evaluation. At any point in the process the supervisor or person requesting the reasonable accommodation may seek guidance or assistance from the EEO Officer. Supervisors should notify the EEO Officer of the final outcome of all reasonable accommodation requests.

### *What Accommodations Are Reasonable?*

Reasonable accommodations may include modifications or adjustments to the application process, work environment, or the manner or circumstances under which a position is customarily performed. The reasonableness of an accommodation will depend upon the circumstances of each case. Reasonable accommodation enables a qualified applicant or employee with a disability to be considered for a position or to perform its essential functions or to enjoy benefits and privileges of employment that are equal to those enjoyed by similarly situated employees without disabilities. A qualified applicant or employee is an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of a position and who, with reasonable

accommodation (if needed), or without accommodation (if none is needed), can perform the essential functions of that position.

Accommodations are not reasonable if they impose an undue hardship on the employer. A reasonable accommodation does not include a personal item that is needed both on and off the job unless such item is specifically designed to meet job-related rather than personal needs.

### Step 1: Request for Reasonable Accommodation

The employee or job candidate should make an oral or written request to his or her immediate supervisor or to his or her bureau or unit chief. If requested, an EEO Coordinator will assist the individual in making a request for accommodation. Where the need for a requested accommodation is not apparent, the supervisor may ask an applicant or employee to provide documentation in support of the request.[1]

Applicants for employment may address requests for reasonable accommodation for the application, interview, and testing process to the Human Resources Director.

At this stage the supervisor may provide or implement the request or may proceed to step 2.

### Step 2: Review Purpose and Essential Functions of the Job

In situations which require a more detailed analysis, the supervisor should examine the position to determine its purpose and its essential functions. Essential functions are the fundamental job duties of a position.

With respect to applicants for employment, DANY will make the application, interview and testing process accessible, unless doing so would create an undue hardship to the office.

### Step 3: Consult with the Employee

After evaluating the position to determine its essential functions, the supervisor should consult with the employee requesting the accommodation to assess the limitations that the disability imposes on the performance of each essential function. The supervisor and employee or prospective employee (where a conditional offer of employment has been extended) should consider how any job-related limitations can be overcome, discuss possible reasonable accommodations, and assess the effectiveness of each. The employer must consider an employee's preferences, along with what is reasonable under the circumstances of the work environment, in selecting accommodations. However, the employer has the discretion to choose among various appropriate reasonable accommodations that would enable the individual to perform the essential functions of the job. The agency is not required to provide an accommodation that imposes undue hardship. Participants in the reasonable accommodation process may seek guidance from the Mayor's Office for People with Disabilities by calling (212) 788-2830 (voice) or (212) 788-2838 (TTY).

---

[1] All documentation and information concerning the medical condition or history of an employee requesting an accommodation shall be treated as confidential medical records, except to the extent that (1) supervisors and managers must be informed about work restrictions or reasonable accommodations; (2) first-aid and safety personnel need to be informed if the disability may require emergency treatment; and (3) government officials investigating compliance with law are required to be provided with relevant information upon request.

*Reasonable Accommodation Policy and Procedure*

If reasonable accommodation is requested for the application process itself, the Human Resources Director or his or her designee will consult with the applicant to determine how the process may reasonably be made accessible to the individual with a disability.

**Step 4: Select and Implement an Appropriate Reasonable Accommodation**

In all instances supervisors shall act as expeditiously as possible to provide reasonable accommodations. Where a supervisor determines to deny a request for accommodation or to provide an accommodation other than that for which the applicant or employee has expressed a preference, the supervisor shall first consult with the EEO Officer. After such consultation, the supervisor shall inform the applicant or employee of the accommodation, if any, that will be provided or that the request has been denied.

*Discrimination Complaints*

This reasonable accommodation procedure is intended to ensure equal employment opportunities for employees with disabilities, but shall not impede the right of any employee to file an Equal Employment Opportunity internal complaint, or a complaint with an appropriate federal oversight agency under the Americans with Disabilities Act or the Rehabilitation Act of 1973, the State Division of Human Rights, the New York City Commission on Human Rights, or any other federal, state or local agency having jurisdiction over such matters, or in any court of competent jurisdiction.

15

## IV. AMERICANS WITH DISABILITIES ACT GRIEVANCE PROCEDURE

The District Attorney's Office of New York County (DANY) has adopted an internal grievance procedure providing for prompt and equitable resolution of complaints alleging any action prohibited by the U.S. Department of Justice regulations implementing Title II of the Americans with Disabilities Act (ADA). Those regulations state, in part, that:

> "[n]o qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." (28 CFR Sec. 35.130(a)).

Complaints should be addressed to: Frederick J. Watts, Executive Assistant District Attorney, One Hogan Place, New York, NY 10013, who has been designated the ADA Coordinator for compliance efforts at DANY. The complaint process is as follows:

1. A complaint must be filed in writing. The New York County District Attorney's Office shall provide assistance in filing the complaint for any person who needs a reasonable accommodation to enable him or her to file the complaint. A complaint shall include the name and address of the person filing it and briefly describe the alleged violation.

2. A complaint must be filed within thirty (30) days after the complainant becomes aware of the alleged violation. Processing of allegations of discrimination which occurred before this grievance procedure was in place shall be considered on a case-by-case basis.

3. In appropriate cases, the ADA Coordinator shall attempt to resolve the complaint on an informal basis, with the goal of reaching a solution that is satisfactory to both the Americans with Disabilities Act Grievance Procedure

*Americans with Disabilities Act Grievance Procedure*

complainant and the office. Where necessary, an investigation shall be conducted by or under the supervision of the ADA Coordinator.

4. If the complaint has not been resolved informally, the ADA Coordinator shall submit a confidential written report to the District Attorney with proposed findings as to whether the agency policy or action which is the subject of the complaint is consistent with the ADA. If the ADA Coordinator believes that the agency's policy or action is not consistent with the ADA, the report shall also recommend corrective action.

5. The District Attorney shall review the ADA Coordinator's report and take any corrective action that he or she determines to be necessary and appropriate.

6. The ADA Coordinator shall advise the complaining party of any action taken with respect to the complaint.

7. The ADA Coordinator shall maintain the office files and records relating to the complaints filed.

8. The complainant's right to a prompt and equitable resolution of the complaint filed in accordance with this grievance procedure shall not be impaired by that person's pursuit of other remedies, such as the filing of an ADA complaint with the responsible federal department or agency. Use of this grievance procedure is not a prerequisite to the pursuit of other remedies available under the ADA.

Cyrus R. Vance, Jr.
September, 2013

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Fl.
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Christopher Day
423 Guyon Avenue
Staten Island, NY 10306

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Christopher Day<br>426 Guyon Avenue<br>Staten Island, NY 10306 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-01206 | Paul Young, Investigator | (212) 336-3783 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Kevin Berry_      **MAR 16 2015**

Enclosures(s)     Kevin J. Berry, District Director     *(Date Mailed)*

cc:  Attn
Legal Division
NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE
1 Hogan Place
New York, NY 10013

PLAINTIFF'S EXHIBIT 4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622

Christopher Day
426 Guyon Avenue
Staten Island, NY 10306

Re: EEOC Charge No. 520-2015-01206
Day v. New York County District Attorney's Office

Dear Mr. Day:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. The procedures apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

We have evaluated your charge based upon the information you submitted, and have determined that further investigation will unlikely result in a determination that Respondent violated one of the federal laws enforced by the Commission. Therefore, your charge will be dismissed.

Attached is your Dismissal and Notice of Rights. If you want to pursue this matter further in federal court, your lawsuit must be filed within 90 days of your receipt of the Notice.

Please contact Investigator Paul Young at (212) 336-3783 if you have any questions

Sincerely,

_____ for
Kevin J. Berry
District Director

MAR 16 2015
Date

Enc.