UNITED STATES DISTRICT COURT
SOUTERHN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

CHRISTOPHER DAY,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, THE NEW YORK
COUNTY DISTRICT ATTORNEY'S OFFICE,
GEORGE ARGYROS, in official capacity and
individually, and NITIN SAVUR, in official
capacity and individually,

                                              Defendants.
--------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT**

15 CV 4399 (GBD)(HBP)

        Defendant City of New York ("City"), the New York County District Attorney's

Office ("DANY"), George Argyros and Nitin Savur (collectively "Defendants"), by their

attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for its answer

to Plaintiff's Complaint, dated June 8, 2015 (ECF Dkt. No. 1), respectfully allege as follows:

        1.        Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports

to invoke the jurisdiction of this Court as set forth therein.

        2.        Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that Plaintiff purports to invoke jurisdiction and venue as set forth therein.

        3.        Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that defendant George Argyros and Nitin Savur are employees of DANY.

        4.        Deny the allegations set forth in paragraph "4" of the Complaint, except

admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein and admit

that the United States Equal Employment Opportunity Commission dismissed Plaintiff's charge

of discrimination upon a determination that further investigation was unlikely to result in a finding that federal laws enforced by the EEOC were violated.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff began employment with the City in the Civil Service Title of "Community Associate" and worked in the Grand Jury Stenography Pool for DANY beginning on June 23, 2014.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff was employed by the City as a "Community Associate" from June 23, 2014 to February 5, 2015.

9.      Paragraph "9" of the Complaint is a conclusion of law for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff was previously employed by the City and worked at DANY.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff was one of two males assigned to the Grand Jury Stenography Pool at DANY from June 23, 2014 to February 5, 2015.

11.     Deny the allegations set forth in paragraph "11" of the Complaint and affirmatively state that the civil service title for permanent stenographers assigned to DANY is "Reporter/Stenographer DA (10212)."

-2-

12. Deny the allegations set forth in paragraph "12" of the Complaint and affirmatively state that the civil service title for temporary stenographers assigned to DANY is "Community Associate 56057."

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that individuals holding the office title of "Stenographer 1A" are "at-will" employees.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Linda Reide supervised Plaintiff while he was assigned to DANY.

15. Deny the allegation set forth in paragraph "15" of the Complaint, except admit that Linda Reide played a role in the decision to hire Plaintiff.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Julia Soldatos would perform certain supervisory functions assigned to Linda Reide in Linda Reide's absence.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff was informed upon hiring that his position was "at-will."

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff was informed upon hiring that his position was "at-will."

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Kista Curatolo took leave from DANY in or around August 2014.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Linda Reide discussed the civil service exam for the "Reporter/Stenographer DA" title with Plaintiff.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Jamie Walsh has a permanent position at DANY.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Admit the allegations set forth in paragraph "28" of the Complaint.

29. Admit the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint and affirmatively state that Ronit Zohar spoke with DANY's Equal Employment Opportunity ("EEO") personnel regarding an inappropriate image that Plaintiff had shown her on his cell phone.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint and affirmatively state Ronit Zohar spoke with DANY's EEO personnel regarding an inappropriate image that Plaintiff had shown her on his cell phone.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint and affirmatively state Ronit Zohar spoke with DANY's EEO personnel regarding an inappropriate image that Plaintiff had shown her on his cell phone.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint and affirmatively state Ronit Zohar spoke with DANY's EEO personnel regarding an inappropriate image that Plaintiff had shown her on his cell phone.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint, except admit that DANY's EEO personnel spoke to Plaintiff on October 17, 2014 regarding the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff spoke with DANY's EEO personnel on October 17, 2014 regarding the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, except admit that DANY EEO personnel conducted an investigation into the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

44.     Deny the allegations set forth in paragraph "44" of the Complaint and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

45.     Deny the allegations set forth in paragraph "45" of the Complaint and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit that Plaintiff was asked to keep confidential the circumstances of his DANY EEO interaction regarding the allegation that he had shown Ronit Zohar an inappropriate image on his cell phone.

54.     Deny the allegations set forth in paragraph "54" of the Complaint and affirmatively state that Ronit Zohar was asked to keep confidential the circumstances of her DANY EEO interaction regarding the allegation that Plaintiff had shown her an inappropriate image on his cell phone.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that DANY's EEO personnel spoke to Plaintiff on November 7, 2014 regarding the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

70. Deny the allegations set forth in paragraph "70" of the Complaint, except admit that DANY's EEO personnel spoke to Plaintiff on November 7, 2014 regarding the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

71. Deny the allegations set forth in paragraph "71" of the Complaint, except admit that DANY's EEO personnel spoke to Plaintiff on November 7, 2014 regarding the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

72. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that DANY's EEO personnel spoke to Plaintiff on November 7, 2014 regarding the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

73. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that DANY's EEO personnel spoke to Plaintiff on November 7, 2014 regarding the allegation that Plaintiff had shown Ronit Zohar an inappropriate image on his cell phone.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

79.     Deny the allegations set forth in paragraph "79" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

80.     Deny the allegations set forth in paragraph "80" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

81.     Deny the allegations set forth in paragraph "81" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

82.     Deny the allegations set forth in paragraph "82" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

83.     Deny the allegations set forth in paragraph "83" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

84.     Deny the allegations set forth in paragraph "84" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on

November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

85.     Deny the allegations set forth in paragraph "85" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

86.     Deny the allegations set forth in paragraph "86" of the Complaint, except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

87.     Deny the allegations set forth in paragraph "87" of the Complaint, , except admit that Plaintiff was given a presentation entitled "Know Your Boundaries At Work" on November 7, 2014 and respectfully refer the Court to that presentation for a complete and accurate statement of its contents.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint, except admit that all DANY employees are offered the use of Lifescope Employee Assistance Program ("EAP").

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint

101.    Deny the allegations set forth in paragraph "101" of the Complaint, except admit that DANY EEO personnel were adept at identifying EEO issues.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether Plaintiff utilized Lifescope EAP.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint, except admit that Plaintiff's last day at DANY was February 4, 2015.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint, except admit that Plaintiff used "annual leave" on February 4, 2015 and February 5, 2015.

125.    Deny the allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

-12-

131.    Deny the allegations set forth in paragraph "131" of the Complaint, except admit that on May 1, 2015 a hearing was held pursuant to General Municipal Law 50-H in reference to a notice of claim filed by Plaintiff.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Complaint, except admit that Defendants are not liable to Plaintiff.

139.    Paragraph "139" states conclusions of law for which no response is required.  To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint and respectfully refer the court to the documents cited therein for a complete and accurate statement of their contents.

142.   Deny the allegations set forth in paragraph "142" of the Complaint and respectfully refer the court to the documents cited therein for a complete and accurate statement of their contents.

143.   Deny the allegations set forth in paragraph "143" of the Complaint and respectfully refer the court to the documents cited therein for a complete and accurate statement of their contents.

144.   Deny the allegations set forth in paragraph "144" of the Complaint.

145.   Deny the allegations set forth in paragraph "145" of the Complaint.

146.   Deny the allegations set forth in paragraph "146" of the Complaint.

147.   Deny the allegations set forth in paragraph "147" of the Complaint.

148.   Deny the allegations set forth in paragraph "148" of the Complaint.

149.   Deny the allegations set forth in paragraph "149" of the Complaint.

150.   Deny the allegations set forth in paragraph "150" of the Complaint.

151.   Deny the allegations set forth in paragraph "151" of the Complaint.

152.   Deny the allegations set forth in paragraph "152" of the Complaint.

153.   Deny the allegations set forth in paragraph "153" of the Complaint.

154.   Deny the allegations set forth in paragraph "154" of the Complaint.

155.   Deny the allegations set forth in paragraph "155" of the Complaint.

156.   Deny the allegations set forth in paragraph "156" of the Complaint.

157.   Deny the allegations set forth in paragraph "157" of the Complaint.

158.   Deny the allegations set forth in paragraph "158" of the Complaint.

159.   Deny the allegations set forth in paragraph "159" of the Complaint.

160.   Deny the allegations set forth in paragraph "160" of the Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Complaint.

163.    Deny the allegations set forth in paragraph "163" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Complaint.

166.    Deny the allegations set forth in paragraph "166" of the Complaint.

167.    Deny the allegations set forth in paragraph "167" of the Complaint and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

168.    Deny the allegations set forth in paragraph "168" of the Complaint and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

169.    Deny the allegations set forth in paragraph "169" of the Complaint and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

170.    Deny the allegations set forth in paragraph "170" of the Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Deny the allegations set forth in paragraph "177" of the Complaint.

178.    Deny the allegations set forth in paragraph "178" of the Complaint.

179.    Deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations set forth in paragraph "180" of the Complaint.

## FOR A FIRST DEFENSE

181.    The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

182.    Defendant had legitimate, non-discriminatory business reasons for taking any of the alleged discriminatory/retaliatory acts complained of by Plaintiff.

## AS AND FOR A THIRD DEFENSE

183.    The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

## FOR A FOURTH DEFENSE:

184.    Any damages sustained by Plaintiff were caused by Plaintiff's own negligent or otherwise culpable conduct.

## FOR A FIFTH DEFENSE:

185.    The damage claims contained in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## FOR A SIXTH DEFENSE:

186.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**FOR A SEVENTH DEFENSE:**

187.    To the extent that Plaintiff complains of adverse employment actions that occurred more than 300 days prior to his filing an administrative charge with the EEOC, such claims in the Complaint are barred, in whole or in part, by the applicable limitations period.

**FOR AN EIGHTH DEFENSE:**

188.    Defendants are shielded from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, sovereign immunity or any combination of these doctrines.

**FOR A NINTH DEFENSE:**

189.    Plaintiff's request for punitive damages is barred because punitive damages are not available against a government or a governmental subdivision.

**FOR A TENTH DEFENSE:**

190.    An agency of the City of New York is not a suable entity and, thus, any named defendants that are agencies of the City of New York must be dismissed from this case.

**FOR AN ELEVENTH DEFENSE:**

191.    Individual defendants are not subject to suit under Title VII and, thus, these claims must be dismissed as against any individually named defendants.

**WHEREFORE**, defendants respectfully request that the Complaint be dismissed in its entirety, that the relief requested in the Complaint be denied in all respects, that judgment be entered for the City, and that the City be granted such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              April 15, 2016

                                    **ZACHARY W. CARTER**
                                    Corporation Counsel of the
                                        City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-122
                                    New York, New York 10007
                                    (212) 356-2471
                                    mfleming@law.nyc.gov

                          By:        _____/s/_____
                                    Michael F. Fleming
                                    Assistant Corporation Counsel


To:    Christopher Day (via ECF)
       Plaintiff *pro se*
       423 Guyon Avenue
       Staten Island, NY 10306
       917-685-3010

-18-

| |
|---|
| No. 15 CV 4399 (GBD)(HBP) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CHRISTOPHER DAY,<br><br>                                                         Plaintiff,<br><br>                       -against-<br><br>THE CITY OF NEW YORK, THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, GEORGE ARGYROS, in official capacity and individually, and NITIN SAVUR, in official capacity and individually,<br><br>                                          Defendants. |
| **ANSWER** |
| ***ZACHARY W. CARTER***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-122*<br>*New York, New York  10007-2601*<br><br>*Of Counsel:  Michael F. Fleming*<br>*Telephone:  (212) 356-2471*<br>*Matter No.:  2015-029654* |
| *Due and timely service is hereby admitted.*<br><br>*Dated: New York, New York.................................................2016*<br><br>*Signed:  ........................................................................................*<br><br>*Attorney for...................................................................................* |